Electronically FILED by Superior Court of California, County of Los Angeles on 04/18/2022 01:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias,Deputy Clerk
Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Elihu Berle

**HAIG B. KAZANDJIAN LAWYERS, APC**
Haig B. Kazandjian, Esq. SBN.: 278622
Email: haig@hbklawyers.com
Cathy Gonzalez, Esq. SBN.: 310625
Email: cathy@hbklawyers.com
801 North Brand Boulevard, Suite 970
Glendale, California 91203
Telephone: 1-818-696-2306
Facsimile: 1-818-696-2307

*Attorney for PLAINTIFF KEVIN MURPHY,*
*On behalf of himself and all others similarly situated*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – SPRING STREET COURTHOUSE

| | |
|---|---|
| KEVIN MURPHY, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>FUSION LEARNING, INC., a Delaware Corporation; DANIELLE RYCKMAN, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | **Case No.** 22STCV12668<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES**<br><br>1. **FAILURE TO PAY STRAIGHT AND OVERTIME COMPENSATION IN VIOLATION OF LABOR CODE §§ 223, 510, 558, 1194, 1198, and 1199;**<br>2. **FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LABOR CODE §§ 226.7, 512, 516, 558, and IWC Wage Orders;**<br>3. **FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS;**<br>4. **FAILURE TO KEEP ACCURATE PAYROLL RECORDS IN VIOLATION OF LABOR CODE §§ 226, 558, 1198 AND THE I.W.C. WAGE ORDERS;**<br>5. **FAILURE TO PAY WAITING TIME PENALTIES IN VIOLATION OF LABOR CODE §§ 203, 558;**<br>6. **FAILURE TO PAY WAGES UPON TERMINATION IN VIOLATION OF LABOR CODE §1174(d);**<br>7. **FAILURE TO PAY WAGES UPON TERMINATION IN VIOLATION OF LABOR CODE §§ 2800 and 2802;**<br>8. **FAILURE TO PAY MINIMUM WAGES**<br>9. **UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF BUS. & PROF. CODE § 17200, *ET SEQ.*;** |

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

**DEMAND FOR JURY TRIAL**

Plaintiff Kevin Murphy individually, and on behalf of himself and all other similarly situated (hereinafter "Plaintiff"), hereby files this Complaint against Defendants FUSION LEARNING, INC., Danielle Ryckman and DOES 1 through 100, Inclusive (hereinafter collectively referred to as "Defendants"). Plaintiff is informed and believes, and on the basis of that information and belief, alleges as follows:

## I.   INTRODUCTION

1.   This is a Class Action, pursuant to California Code of Civil Procedure §382 on behalf of Plaintiff and other non-exempt current and former employees employed by Defendants.

2.   Plaintiff Kevin Murphy is an individual who resides in California and was employed by Defendant Fusion Learning, Inc. ("Fusion" or "Defendants"), on or about December, 2019 until on or about March, 2021.

3.   This is a civil action seeking recovery for Defendant's violations of California Labor Code ("Labor Code") §1194, et seq., §1197, §200 et seq., Labor Code §500 et seq., California Business and Professions Code ("B & P C") §17000 et seq. and §17200, et seq., the applicable Wage Order(s) issued by the California Industrial Welfare Commission (hereinafter, the "IWC Wage Order(s)") and related common law principles.

4.   Plaintiff's action seeks monetary damages, including full restitution from Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

5.   The acts complained of herein occurred, occur and will occur, at least in part, within the time period from four (4) years preceding the filing of this complaint, up to and through the time of trial for this matter.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

**RELEVANT EMPLOYEES**

6.      The relevant employees are Defendants' non-exempt current and former employees, employed in California by Defendants.

7.      Defendants' non-exempt current and former employees are paid by Defendants on an hourly pay basis.

8.      The obligations and responsibilities of Defendants' current and former non-exempt, hourly paid employees employed in California by Defendants are virtually identical from location to location and employees to employee. Any differences in job activities between the different individuals in these positions were and ae legally insignificant to the issues presented by this action.

**SUMMARY OF CLAIMS**

9.      With regard to Defendants' California based non-exempt, hourly paid current and former employees that worked for Defendants Fusion, and DOES 1 through 100, Inclusive, Defendants have established a rounding policy which does not compensate said employees for the time they actually worked and as a result Defendants have failed to pay for all wages due including overtime wages for all hours worked and failed to pay the required minimum wage for all hours worked. Further Defendants have failed to provide timely uninterrupted 30-minute meal periods; failed to provide paid rest periods; failed to timely furnish accurate itemized wage statements; failed to keep accurate payroll records; conducted unfair business practices; failed to pay waiting time penalties; violated Labor Code § 1174(d); violated Labor Code §§ 2800 and 2802; and failed to pay the required minimum wage for all hours worked.

**II. PARTIES**

PLAINTIFF KEVIN MURPHY

10.     Plaintiff KEVIN MURPHY (hereinafter "Murphy" or "Plaintiff") is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of California, county of Los Angeles.

11.     Plaintiff worked for Defendants as a non-exempt hourly employee. Plaintiff is a former employee of Defendants.

12.     Plaintiff seeks unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants have (Plaintiff himself was harmed by):

a.     Failed to pay all wages due including overtime wages for all hours worked;

b.     Failed to provide meal periods;

c.     Failed to authorize and permit paid rest periods;

d.     Failed to keep accurate payroll records;

e.     Failed to pay waiting time penalties;

f.     Violated Labor Code § 1174(d);

g.     Failed to pay the required minimum wage for all hours worked.

h.     Violated Labor Code §§ 2800 and 2802; and

i.     Conducted unfair business practices.

## **DEFENDANTS**

13.     Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, Defendant Fusion was and is a Delaware corporation duly organized, authorized, and licensed to do business in the State of California.

14.     Plaintiff is informed and believes and based thereon alleges that defendant Ryckman is, and at all times relevant hereto was, an individual residing in California, as well as the Head of School for Defendant Fusion, and DOES 1 through 100, as further defined below. Plaintiff is further informed and believes and based thereon alleges that Ryckman violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

15.     Defendants Fusion, Ryckman, DOES 1 through 100 were joint employers of Plaintiffs in that they were operating as a joint enterprise and both suffered and permitted Plaintiffs to work for each and both of them; controlled Plaintiffs hours and working conditions; Controlled Plaintiffs wages; Defendants Fusion and DOES 1 through 100 made the decision to hire Plaintiff and had control of Plaintiff's employment and therefore jointly employed Plaintiff. These Defendants and DOES are collectively hereinafter referred to as "Defendants."  Plaintiff is

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

further informed and believes and based thereon alleges that Defendant Ryckman violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

DOES 1 TO 100. INCLUSIVE

16.     DOES 1 to 100, inclusive are not, and/or at all times mentioned in this Complaint were doing business in the State of California.

17.     Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

18.     Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

19.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

20.     Defendants, and each of them, proximately subjected Plaintiffs to the unlawful wrongs, complaint, injuries and/or damages alleged in the Complaint.

21.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

22.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

5

1    23.    Defendants, and each of them, at all times mentioned in this Complaint concurred

2    and contributed to the various acts and omissions of each and every one of the other Defendants

3    in proximately causing complaint, injuries and/or damages alleged in this Complaint.

4    24.    Defendants, and each of them, at all times mentioned in this Complaint approved

5    of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in

6    this Complaint.

7    25.    Defendants, and each of them, at all times mentioned in this Complaint aided and

8    abetted the acts and omissions of each and every one of the other Defendants thereby

9    proximately causing the damages alleged in this Complaint.

10                  **III. <u>JURISDICTION AND VENUE</u>**

11    26.    The California Superior Court has jurisdiction in this matter due to Defendants'

12    violations of Labor Code §201 et seq., Labor Code §500 et seq., Labor Code § 1194. Business &

13    Professions Code §17200 et seq., the IWC Wage Order(s) and related common law principles.

14    27.    The California Superior Court also has jurisdiction in this matter because both the

15    individual and aggregate monetary damages and restitution sought herein exceed the minimal

16    jurisdictional limits of the Superior court and will be established at trial according to proof.

17    28.    The California Superior Court also has jurisdiction in this matter because the

18    individual claims of the members of the Classes herein are under the seventy-five thousand

19    ($75,000) jurisdictional threshold for Federal Court and the aggregate claim is under five million

20    dollars ($5,000,000) threshold of the Class Action Fairness Act of 2005 ("CAFA"). Further,

21    there is no federal question at issue, as the issues herein are based solely on California statutes

22    and law, including the Labor Code, IWC Wage Order(s), CCP, and Business & Profession Code.

23    The present action is also exempt from CAFA because this matter is a local controversy within

24    the meaning of CAFA as follows: 1) More than two thirds of the putative class members are

25    residents of California 2) the principal injuries resulting from defendant's conduct occurred in

26    California 3) no class action asserting similar factual allegations has been filed against any

27    defendant in the preceding three years and 4) at least one defendant is a citizen of California and

28

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

significant relief is sought from that defendant and that defendant's conduct is a significant basis for the claims.

29.     Venue is proper in Los Angeles County pursuant to CCP §395(a) and CCP §395.5 in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

## IV. CLASS ALLEGATIONS

30.     CCP §382 provides in pertinent part: "... [W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.

31.     Plaintiffs bring this suit as a class action pursuant to CCP § 382, on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

32.     The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

a.      All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants failed to pay overtime wages (hereinafter, the "Overtime Class");

b.      All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants failed to provide the legally requisite meal periods (hereinafter, the "Meal Period Class");

c.      All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants' failed to provide the legally requisite rest periods (hereinafter, the "Rest Period Class");

d.      All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

7

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

Defendants' failed to provide legally requisite itemized wage statements in Violation of Labor Code § 226 (hereinafter, the "LC 226 Class");

e.      All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants' failed to keep accurate payroll records (hereinafter, the "Payroll Records Class");

f.      All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined supra) to whom Defendants' have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B & PC Section 17200 (hereinafter, the "17200 Class);

g.      All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants' willfully failed to pay and all waiting time penalties (hereinafter, the "Waiting Time Class").

h.      All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants' willfully failed to pay all wages in violation of Labor Code § 1174(d) (hereinafter, the "LC 1174(d) Class").

i.      All of Defendants' California-based non-exempt, hourly paid current and former employees, employed during the relevant time period (as defined, supra) to whom Defendants' willfully failed to pay all wages in violation of Labor Code §§ 2800 and 2802 Class (hereinafter, the "LC 2800 and 2802 Class"); and

j.      All of Defendants' California-based non-exempt, hourly-paid current and former employees, employed during the relevant time period to whom Defendants failed to pay the required minimum wage (hereinafter, the "Minimum Wage Class").

33.     The Overtime Class, Meal Period Class, Rest Period Class, LC 226 Class, Payroll Records Class, 17200 Class, the Waiting Time Class, the LC 1174(d) Class, the LC 2800 and 2802 Class, and Minimum Wage Class are hereinafter collectively referred to as the "Classes."

34.     Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. In any event, Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

35.     Numerosity (CCP Section 382):

a.      The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical.

b.      The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court.

c.      The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 50 individuals.

d.      The quantity and identity of such members is readily ascertainable via inspection of Defendants' records.

36.     Superiority (CCP §382): The nature of this action and the nature of the laws available to Plaintiffs makes the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a.      California has a public policy which encourages the use of the class action device;

b.      By establishing a technique whereby, the claims of many individuals can be resolved at the same time, the class suit both eliminate the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise may be too small to warrant individual litigation;

c.      This case involves large corporate Defendants and a large number of individual Class Members with many relatively small claims and common issues of law and fact;

d.      If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an advantage because

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants superior financial and legal resources;

e.      Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an applicable and justifiable fear of retaliation and permanent damage to their lives, careers and well- being;

f.      Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the rights of each of the members of the Classes to recover on the causes of action alleged herein;

g.      Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

i.      a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii.      a multiplicity of trial conducted at enormous expense to both the judicial system and the litigants;

iii.      inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

iv.      potentially incompatible standards of conduct for Defendants; and

v.      potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

h.      The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i.      Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j.      The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

37.     Well-defined Community of Interest: Plaintiffs also meet the established standards for class certification (see, e.g. Lockheed Martin Corn, V, Superior Court (2003) 29 Cal. 4th 1096), as follows:

a.      Typicality: The claims of Plaintiff Murphy is typical of the claims of all members of the Classes Plaintiff seeks to represent because all members of the Classes sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Classes were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

b.      Adequacy: Plaintiff Murphy:

i.      is an adequate representative of the Classes Plaintiff is seeking to represent;

ii.      will fairly protect the interests of the members of the Classes;

iii.      has no interests antagonistic to the members of the Classes; and

iv.      will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c.      Predominate Common Questions of Law or Fact: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including with limitation:

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

11

i. whether Defendants failed to pay the legal and appropriate overtime compensation to the members of the Overtime Class in violation of the Labor Code and the IWC Wage Order(s);

ii. whether Defendants failed to pay the legal and appropriate minimum wage to the members of the Minimum Wage Class in violation of the Labor Code and the IWC Wage Order(s);

iii. whether Defendants failed and continue to failed to provide meal periods to the members of the Meal Period Class in violation of the Labor Code and the IWC Wage Orders;

iv. whether Defendants failed and continue to fail to authorize and permit paid rest periods to the members of the Rest Period Class in violation of the Labor Code and section 12 of the IWC Wage Orders;

v. whether Defendants are liable pursuant to Labor Code §203;

vi. whether Defendants conduct conducts unfair competition within the meaning of B & PC §17200 et seq.;

vii. whether Defendants' conduct constitutes unfair business practices within the meaning of B & PC§ 17200, et seq.;

viii. whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

ix. whether the members of the Classes are entitled to injunctive relief;

x. whether the members of the Classes are entitled to restitution;

xi. whether Defendants are liable for attorneys' fees and costs; and

xii. whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.. Collins v. Rocha (1972) 7 Cal. 3d 232, 238).

//

//

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

12

# V. <u>CAUSES OF ACTION</u>

## FIRST CAUSE OF ACTION

## FAILURE TO PAY STRAIGHT AND OVERTIME COMPENSATION IN VIOLATION

## OF LABOR CODE §§ 223, 510, 558, 1194, 1198, and 1199

(On Behalf of the Overtime Class)

(Against All Defendants)

38.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Compliant as if fully set forth herein.

39.     Labor Code §204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

40.     Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less that one and one-half times the regular rate of pay for an employee."

41.     Labor Code §510 (a) further provides that "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

42.     Pursuant to Labor Code § 1198, it is unlawful to employ person for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

43.     Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

     a.     Administered a uniform company policy and practice regarding the payment of wage to the member of the Overtime Class;

     b.     Scheduled to work and in fact required the members of the Overtime Class to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

workweek without paying overtime compensation for all such excess hours worked by requiring the Overtime Class to remain under Defendant's control without paying them therefore which resulted in;

    c.    Failure to pay members of the Overtime Class overtime compensation for work in excess of eight (8) hours per day and/or forty (40) hours per week;

    d.    Failure to pay members of the Overtime Class overtime compensation for work in excess of twelve (12) hours per day;

    e.    Failure to pay members of the Overtime Class overtime compensation for the first eight hours worked on the seventh day of work in any one workweek;

    f.    Did not employ the members of the Overtime Class using: i) an alternative workweek schedule pursuant to Labor Code §511; and did not employ the members of the Overtime Class using ii) an alternative workweek schedule adopted pursuant to a collective bargaining agreement.

    g.    Required that the members of the Overtime Class to spend more than fifty percent (50%) of their work performing non-exempt tasks; and

    h.    Disseminated incorrect information throughout Defendant's facilities and amongst Defendants' employees reciting that, under Defendants' labor policies and practices and under California law, the members of the Overtime Class were not entitled to overtime compensation.

44.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates as entitlement, pursuant to Labor Code §218 and §1194(a), to recovery by the members of the Overtime Classes, in a civil action, for the unpaid balance of the full amount of the overtime wages owing, including interest thereon, reasonable attorneys' fees, and costs of suit.

45.    That calculation of individual damages for the members of the Wage Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation (see, e.g. Collins v. Rocha (1972)

7 Cal. 3d 232; Hypolite v. Carleson (1975) 52 Cal. App. 3d 566; Employment Development Dent, v. Superior Court (1981) 30 Cal. 3d 256.

46.     Pursuant to Labor Code § 1194(a) and Civil Code §3287, the members of the Overtime Class seek recovery of pre-judgment interest on all amounts recovered herein.

47.     Pursuant to Labor Code § 1194, the members of the Overtime Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

### SECOND CAUSE OF ACTION

**FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LABOR CODE §§ 226.7, 512, 516, 558, and IWC Wage Orders**

(On Behalf of the Meal Periods Class)

(Against All Defendants)

48.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

49.     Labor Code §226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

50.     Labor Code §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee".

51.     Labor Code §512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employer only if the first meal period was not waived."

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

52.    Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the heal and welfare of those workers.

53.    Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee is relieved of all duty during a 30 minutes meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

54.    Section 11(B) of the IWC Wage Orders(s) provides that "if an employer fails to provide an employee a meal period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

55.    The members of the Meal Period Class consistently worker over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

56.    Further, some members of the Meal Period Class consistently worked over ten (10) hours per shift and therefore were entitled to a second meal period of not less than 30 minutes.

57.    The members of the Meal Period Class did not validly or legally wavier their meal periods, by mutual consent with Defendants or otherwise.

58.    The members of the Meal Period Class did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

59.    As a matter of Defendants' established company policy, Defendant failed to comply with the meal period requirements established by Labor Code §226.7, Labor Code §512, Labor Code §516 and Section 11 of the IWC Wage Order(s).

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

60. Pursuant to Section 11(B) of the IWC Wages Order(s) and Labor Code §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the member of the Meal Period Class are entitled to damages in an amount equal to one(l) additional hours of pay at each employee's regular rate of compensation for each work day that the meal period was not provided.

61. Pursuant to Civil Code §3287, the members of the Meal Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

### THIRD CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS

(On Behalf of the Rest Period Class)

(Against All Defendants)

62. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

63. Labor Code §226.7(a) states: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

64. Labor Code §516 provides that the Industrial Welfare commission may adopt or amend working conditions orders with respect to break periods for any workers in California consistent with the health and welfare of those workers.

65. Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize and permit all employee to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less

than three and one-half hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

66.     Section 12(B) of the <u>IWC Wage Order(s)</u> states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

67.     The members of the Rest Period Class consistently worked over four (4) hours per shift and therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

68.

### <u>FOURTH CAUSE OF ACTION</u>

### FAILURE TO KEEP ACCURATE PAYROLL RECORDS IN VIOLATION OF

### LABOR CODE §§ 226, 558, 1198, the Wage Orders

(On Behalf of the Payroll Records Class)

(Against All Defendants)

69.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Compliant as if fully set forth herein.

70.     At all times relevant during the liability period, Plaintiffs were employees of Defendants covered by Labor Code sections 226, 558 and 1198, and the Wage Orders.

71.     Pursuant to Labor Code section 226, Defendants were required to furnish each of its employees with an accurate itemized statement reflecting, inter alia, total number of hours worked and wages earned.  Defendants were also required to keep an accurate record of the beginning and end of all work periods for its employees, including off-duty meal periods.

72.     Representative Plaintiff is informed, believes, and thereon alleges, that at all times relevant during the liability period, Defendants maintained a policy or practice of utilizing an "auto-deduct" system whereby thirty (30) minutes were automatically deducted from the hours

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

worked by Representative Plaintiff and the putative class members on a daily basis, whether or not a 30 minute off-duty meal period was actually provided or taken.

73.     Defendants also did not record and pay the time that its employees spent under its control as the company utilized improper rounding policies and practices which resulted in the under payment of wages to Representative Plaintiff and the putative class members.

74.     As a result of Defendants' unlawful conduct, Representative Plaintiff and the putative class members have suffered damages in an amount subject to proof.  The precise amount of unpaid wages is not presently known to Representative Plaintiff but can be determined directly from Defendants' records or indirectly based on information from Defendants' records.

75.     Pursuant to Labor Code sections 218.5 and 218.6, Representative Plaintiff and the putative class members are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorneys' fees and costs of suit.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAITING TIME PENALTIES IN VIOLATION OF

### LABOR CODE §§ 201, 203, and 558

(On Behalf of the Waiting Time Class)

(Against All Defendants)

76.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Compliant as if fully set forth herein.

77.     California Labor Code section 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

78.     California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon separation from employment, as required by either Sections 201 or 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

79.     Defendants willfully failed and refused to timely pay all straight time wages, overtime, and off the clock compensation to Representative Plaintiff and the putative class

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

members whose employment terminated. Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

80.     Defendants willfully failed to pay the members of the Waiting Time Class their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

81.     Defendants' willful failure to pay wages to the members of the Waiting Time Class violates Labor Code § 203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, but Defendants failed to pay them.

82.     As a result, Defendants are liable to Representative Plaintiff and the putative class members for waiting time penalties, together with interest thereon and attorneys' fees and costs, under Labor Code section 203.

83.     As a result of Defendants' unlawful conduct, Representative Plaintiff and putative class members have suffered damages in an amount, subject to proof, to the extent they were not paid all wages due each pay period. The precise amount of unpaid wages is not presently known to Representative Plaintiff but can be determined directly from Defendants' records or indirectly based on information from Defendants' records.

84.     Pursuant to Labor Code sections 218.5 and 218.6, Representative Plaintiff and the putative class members are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorneys' fees and costs of suit.

### SIXTH CAUSE OF ACTION

**FAILURE TO PAY WAGES UPON TERMINATION IN VIOLATION OF LABOR CODE § 1174(d)**

(On Behalf of the LC 1174(d) Class)

(Against All Defendants)

85.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Compliant as if fully set forth herein.

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

86. Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

87. As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

88. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY WAGES UPON TERMINATION IN VIOLATION OF LABOR CODE §§ 2800 and 2802

(On Behalf of the LC 2800 and 2802 Class)

(Against All Defendants)

89. Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Compliant as if fully set forth herein.

90. Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

91. Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

(On Behalf of the Minimum Wage Class)

(Against All Defendants)

92.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

93.     Plaintiff incorporates by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

94.     Pursuant to Labor Code § 1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

95.     California Code of Regulations Title 8, § 11000(s) and the IWC Wage Orders §4(A) state: "Every employer shall pay to each employee... wages not less than eight dollars ($8.00) per hour for all hours worked, effective January 1, 2008... and not less than nine dollars ($9.00) per hours for all hours worked, effective July 1, 2014... and not less than ten dollars ($10.00) per hour for all hours worked, effective January 2016.

96.     Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants which resulted in the members of the Minimum Wage Class earning less than the legal minimum wage in the State of California.

97.     Defendants' pattern and practice in uniform administration of corporate policy regarding Defendants' failure to pay the legal minimum wage to the members of the Minimum Wage Class as described herein is unlawful and creates entitlement, pursuant to Labor Code § 1194(a), to recovery by the members of the Minimum Wage Class, in a civil action, for the unpaid balance of the full amount of the unpaid minimum wages owed, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

98.     Pursuant to Labor Code § 1194.2(a) (which provides that in any action under Labor Code §1194, an employee shall be entitled to recover liquidated damages, the members of

the Minimum Wage Class seek recovery of liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

99.     Pursuant to Labor Code §218.6, Labor Code § 1194(a) and CÇ §3287, the members of the Minimum Wage Class seek recover of pre-judgment interest on all amount recovered herein.

100.     Pursuant to Labor Code § 1194(a), the members of the Minimum Wage Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

## NINTH CAUSE OF ACTION

### UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF

### BUS. & PROF. CODE § 17200, ET SEQ.

(On Behalf of the 17200 Class)

(Against All Defendants)

101.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

102.     B&PC § 17200 provides in pertinent part "...[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act...."

103.     B&PC § 17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

104.     B&PC § 17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

105.     Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC § 17200, including those set for the in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiffs and all others similarly situated of the

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

106.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

107.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides and unfair advantage over Defendants' competitors.

108.    Plaintiffs have suffered injury in fact and have lost money or property as a result of such unfair competition.

109.    Plaintiffs seek full restitution from Defendants, as necessary and according to proof, restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

110.    Further, if Defendants are not enjoined set forth, above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

111.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

112.    Plaintiffs seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI. <u>PRAYER</u>

1.    That his action be certified as a class action, that Plaintiff be appointed as the representative of the Class, and that counsel for Plaintiff be appointed as Class Counsel.

2.    For compensatory damages in a sum according to proof;

3.    For wages pursuant to the California Labor Code;

4.    For damages and/or penalties, an award of costs and reasonable attorney's fees pursuant to the California Labor Code;

5.    For penalties pursuant to the California Labor Code;

24

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

6.     Damages for all wages earned and owed, including minimum and overtime wages under Labor Code sections 510, 558.1, 1194, 1197 and 1199;

7.     Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

8.     Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1 and 226.7;

9.     G. Waiting time penalties under Labor Code sections 203 and 558.1;

10.    H. Penalties to timely pay wages under Labor Code sections 210 and 558.1;

11.    That Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code section 17200, *et seq.;*

12.    That Defendants be ordered and enjoined to make restitution to Representative Plaintiff due to their unfair competition, pursuant to California Business and Professions Code sections 17203 and 17204;

13.    That Defendants further be enjoined to cease and desist from unfair competition in violation of California Business and Professions Code section 17200, *et seq.;*

14.    For prejudgment interest pursuant to California Civil Code section 3287 and/or section 3288;

15.    For attorneys' fees, interests and costs of suit pursuant to Labor Code sections 218.5, 218.6, l194(a) and Code of Civil Procedure section 1021.5;

16.    For such other and further relief as the Court deems just and proper.

Dated:        April 14, 2022        **HAIG B. KAZANDJIAN LAWYERS, APC**.

By:     */s/ Haig B. Kazandjian*
_____
Haig B. Kazandjian, Esq.,
Cathy Gonzalez, Esq.,
Attorneys for Representative Plaintiff
Kevin Murphy

25

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated:          April 14, 2022                    **HAIG B. KAZANDJIAN LAWYERS, APC**.


By:   */s/ Haig B. Kazandjian*
Haig B. Kazandjian, Esq.,
Cathy Gonzalez, Esq.,
Attorneys for Representative Plaintiff
Kevin Murphy

HAIG B. KAZANDJIAN LAWYERS, APC
801 N. Brand Blvd., Suite 970
Glendale, CA 91203
Tel: (818)696-2306  Fax: (818)696-2307

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES